McGEE, Chief Judge.
Respondent appeals from order eliminating reunification as a permanent plan and awarding guardianship of her minor child K.S. to K.S.'s foster parents. We vacate the trial court's order only as to its conclusion that reunification should be eliminated as a permanent plan for K.S., and remand for further proceedings.
Orange County Department of Social Services ("DSS") filed petitions on 8 October 2015, alleging that K.S. and her older brother, A.P., (together, "the children") were neglected and dependent juveniles due primarily to a history of domestic violence between their father and Respondent.[1] DSS obtained non-secure custody of the children and placed them with licensed foster parents. By order entered 28 December 2015, the trial court adjudicated the children to be neglected and dependent juveniles. The trial court continued custody of the children with DSS and granted Respondent weekly visitation with the children. The trial court also ordered Respondent to have no contact with A.P.'s father, comply with treatment recommendations from a mental health assessment, and work with the Compass Center to learn about domestic violence and its impact on children.
By order entered 14 July 2016, the trial court set the permanent plan for the children as reunification and set the secondary plan as adoption. However, after a subsequent permanency planning hearing on 20 April 2017, the trial court entered an order changing the primary permanent plan to adoption with the secondary plan as reunification. DSS subsequently filed motions to terminate Respondent's parental rights to the children, which came on for hearing on 6 October 2017. The trial court dismissed the motion as to K.S., but terminated Respondent's parental rights to A.P.
In a permanency planning order entered 16 January 2018, the trial court set the permanent plan for K.S. as guardianship and the secondary plan as reunification. By order entered 20 April 2018, the trial court awarded guardianship of K.S. to F.B. and D.B. - with whom A.P. also resided - and eliminated reunification as a permanent plan for K.S. Respondent appeals.
Respondent argues the trial court erred in eliminating reunification as a permanent plan for K.S. because it failed to make necessary findings of fact. We agree.
"Reunification shall remain a primary or secondary plan unless the court made findings under G.S. 7B-901(c) or makes written findings that reunification efforts clearly would be unsuccessful or would be inconsistent with the juvenile's health or safety." N.C. Gen. Stat. § 7B-906.2(b) (2017). Section 7B-901(c) only applies to initial disposition orders; thus, the trial court could only eliminate reunification as a permanent plan for K.S. if it found that reunification efforts clearly would be unsuccessful or would be inconsistent with the health and safety of K.S. In re T.W. , --- N.C. App. ----, ----, 796 S.E.2d 792, 795 (2016). Additionally, before eliminating reunification as a permanent plan for K.S., the trial court was required to make findings addressing:
(1) Whether the parent is making adequate progress within a reasonable period of time under the plan.
(2) Whether the parent is actively participating in or cooperating with the plan, the department, and the guardian ad litem for the juvenile.
(3) Whether the parent remains available to the court, the department, and the guardian ad litem for the juvenile.
(4) Whether the parent is acting in a manner inconsistent with the health or safety of the juvenile.
N.C. Gen. Stat. § 7B-906.2(d). To justify elimination of reunification as a permanent plan, the trial court's findings on these four factors must "demonstrate [a] lack of success[.]" N.C. Gen. Stat. § 7B-906.2(d).
In the present case, the trial court made several findings of fact in addressing two of the factors in N.C. Gen. Stat. § 7B-906.2(d) : that Respondent had not made adequate progress under her case plan in a reasonable period of time and Respondent had acted in a manner inconsistent with the health and safety of K.S. However, the trial court made no findings as to (1) whether Respondent was actively participating in - or cooperating with - the plan, the department, and the guardian ad litem for K.S., or (2) whether Respondent remained available to the court, the department, and the guardian ad litem for K.S., as required by N.C. Gen. Stat. § 7B-906.2(d). Similarly, the trial court's order lacked (3) any ultimate finding of fact that reunification efforts clearly would be unsuccessful or would be inconsistent with the health and safety of K.S., as required by N.C. Gen. Stat. § 7B-906.2(b). Thus, the trial court failed to make findings required by N.C. Gen. Stat. § 7B-906.2(b) and (d), and we must vacate the trial court's order as to its conclusion that reunification should be eliminated as a permanent plan for K.S. and remand for entry of a new order containing the required findings of fact under N.C. Gen. Stat. § 7B-906.2(b) and (d). See In re D.A. , --- N.C. App. ----, ----, 811 S.E.2d 729, 734 (2018) (vacating and remanding the trial court's order with instructions to "make the necessary statutory findings and conclusions to determine whether to cease reunification efforts"). Respondent has not challenged the trial court's award of guardianship to F.B. and D.B., and that portion of the trial court's order remains undisturbed.
VACATED IN PART AND REMANDED.
Report per Rule 30(e).
Judges HUNTER, JR. and MURPHY concur.

See In re A.P. , No. 18-280 (N.C. Ct. App. Nov. 6, 2018) (unpublished), for the history of A.P.'s case.